FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 8:38 am, Dec 09, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

LAZARUS LOVETT,

           Plaintiff,

     v.

CAMDEN COUNTY SAFETY COMPLEX,
et al.,

        Defendants.

CIVIL ACTION NO.: 2:20-cv-59

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Defendant Camden Safety Complex. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's claim for deliberate indifference to a hazardous condition against Defendants Proctor, Mastrolanni, Watson, Phillips, Malone, Cummings, Thomas, Christy, and Williams; and Plaintiff's claim against Defendant Tiffany for deliberate indifference to a serious medical need.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings claims under § 1983 against various Defendants for injuries incurred when the bed he was assigned collapsed and the lack of medical attention he received following

---

[1]     All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

the collapse.  Doc. 1.  Plaintiff claims Defendants Proctor, Mastrolanni, Watson, Phillips,

Malone, Cummings, Thomas, Christly, and Williams knew the bed he was assigned at Defendant

Camden County Safety Complex was dangerous and failed to warn him of that danger.  Id. at 6.

Plaintiff questioned Defendants Christy and Williams about the bed's condition when it was

assigned to him, and Defendants Christy and Williams did not assign Plaintiff a different bed or

otherwise correct the situation, despite Plaintiff's question and their knowledge that the bed had

previously collapsed.  Id.  When Plaintiff was lying on the top bunk reading, it collapsed,

throwing him off the top bunk.  Id. at 7.  As a result, Plaintiff sustained injuries, including an

injury to the back of his head.  Id.  Though Plaintiff was bleeding, he did not receive treatment

from Defendant Tiffany for the head wound and had to stop the bleeding with his hand.  Id. at 6,

7.  Plaintiff is suing all Defendants in their individual capacities for monetary damages.  Id. at 2–

3, 5.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by

prisoners and plaintiffs proceeding in forma pauperis.  28 U.S.C. §§ 1915A(a), 1915(a).  During

the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C.

§ 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.  Id.  The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural

rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements.  First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States."  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege the act or omission was committed by "a person acting under color of state law."  Id.

State agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit.  See Grech v. Clayton County, 335 F.3d 1326, 1343 (11th Cir. 2003).  The issue of whether a government entity is capable of being sued is "determined by the law of the state in which the district court is held."  Fed. R. Civ. P. 17(b); accord Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006).  Under Georgia law, only three classes of legal entities are capable of being named in a lawsuit: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons

as the law recognizes as being capable to sue." Id.  (citing Ga. Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500 (Ga. 1988)).  Camden County Safety Complex is a building and is, therefore, not a "person" subject to suit under § 1983.  Therefore, Plaintiff cannot show he is entitled to relief against this Defendant.  Accordingly, I **RECOMMEND** the Court **DISMISS** Defendant Camden County Safety Complex.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Defendant Camden Safety Complex.  However, I **FIND** some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's claim for deliberate indifference to a hazardous condition against Defendants Proctor, Mastrolanni, Watson, Phillips, Malone, Cummings, Thomas, Christy, and Williams; and Plaintiff's claim against Defendant Tiffany for deliberate indifference to a serious medical need.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 9th day of December, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA